## Richmond

DWAYNE ALEXANDER TUCKER

v.

COMMONWEALTH OF VIRGINIA

No. 2343-92-2

Decided March 29, 1994

COUNSEL

John W. Luxton (Anthony G. Spencer; Morchower, Luxton & Whaley, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Dwayne A. Tucker appeals his conviction for possession of cocaine in violation of Code § 18.2-250. He contends that the evidence was insufficient as a matter of law to sustain his conviction. For the reasons that follow, we reverse appellant's conviction.

At about 1:15 a.m. on March 31, 1992, Officer Alder stopped the vehicle in which appellant and his cousin, James W. Neal, Jr., were riding. Appellant and Neal consented to patdowns, and appellant, the driver of the vehicle, consented to a search of the car. No evidence of cocaine was found in the car. During the automobile search, Neal asked for and received permission to sit in one of the police cars, where Officer Shekleton joined him. Immediately after sitting down, Neal asked if he could get out to urinate. After Neal got out, Shekleton felt his car rock, and he observed Neal bent over and leaning against the right rear passenger portion of the car. Upon re-entering the car, Neal "made a big production" about having to tie his shoe. After releasing the pair, the officers found a plastic baggie of cocaine three feet from the right rear passenger door of the police car. Officer Rothgeb testified that he had not searched the area prior to that time but asserted that "there wasn't anything in the road . . . [because he] would have saw [sic] it when [he] pulled up." The officers also were unable to find a wet spot to indicate that Neal had urinated near the car. Rothgeb hid in the woods near the site and, fifteen minutes later, spotted appellant and Neal returning to the scene on foot. When a car approached, the pair said something inaudible and "hid in this [shaded] area away from the view of [the] road." After the car had passed, "[t]hey came out [and] looked around [to] see if anything else was coming," and they "walk[ed] up and down that side of the street" where the police car had been parked. In a loud voice, Rothgeb "[i]dentified [himself] as a police officer as [he]

was walking out of the woods." Neal remained at the scene, but appellant fled. Neal refused to say why he had returned to the scene of the stop.

Appellant testified that he had picked Neal up from a friend's house in Petersburg and that the two were returning home when they were stopped. After being released, appellant took Neal home and then proceeded to his own home. Both residences were within two blocks of the scene of the stop. After appellant arrived home, Neal telephoned to say that he had lost ten dollars out of thirty dollars that he had been carrying in his sock. After learning that appellant had not found it in his automobile, he asked appellant to drive him back to the scene of the stop to search for it. Still shaken from the experience, appellant refused to drive but agreed to accompany Neal back to the scene on foot. He denied hiding when a car passed and stated that he did not remember a car passing. He also testified that, due to the generally bad character of the neighborhood, he fled when he heard a noise in the woods and never heard Rothgeb identify himself as a police officer. Finally, appellant denied any knowledge that Neal was carrying drugs that evening or that he was involved with drugs in any way. Neal's testimony corroborated this fact.

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom." *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). "The credibility of witnesses is [also] a matter for the jury to decide . . . ." *Mullis v. Commonwealth*, 3 Va. App. 564, 571, 351 S.E.2d 919, 923 (1987). In order to justify appellant's conviction under Code § 18.2-250, the Commonwealth had to prove beyond a reasonable doubt that he possessed the cocaine, either actually or constructively, with an awareness of its presence and character. *See, e.g., Drew v. Commonwealth*, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986). Circumstantial evidence is sufficient to support a conviction as long as it excludes every reasonable hypothesis of innocence. *McGee v. Commonwealth*, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987); *see Johnson v. Commonwealth*, 2 Va. App. 598, 604-05, 347 S.E.2d 163, 167 (1986). Although appellant's mere proximity to the cocaine is insufficient to support his conviction, *Drew*, 230 Va. at

473, 338 S.E.2d at 845, possession may be shown by other evidence, including his conduct and statements prior to arrest. *Hairston v. Commonwealth*, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (discovery of cocaine in clothing of child being held by defendant was insufficient to show knowledge of presence and character of substance). Finally, "possession need not always be exclusive. The defendant may share it with one or more." *Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (quoting *Gillis v. Commonwealth*, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974)); *see Harrison v. Commonwealth*, 12 Va. App. 581, 584-85, 405 S.E.2d 854, 856-57 (1991).

Viewed in the light most favorable to the Commonwealth, the evidence in this case clearly supports a finding that Neal possessed the cocaine while in appellant's car, discarded it beside the police car, and returned to the scene to retrieve it. Despite appellant's denials, the evidence also supports a finding that appellant knew about the drugs when he returned with Neal to the scene of the automobile stop. The pair returned to the scene on foot, hid in the shadows when they heard an approaching car, and combed the area in which the cocaine had been found. Finally, when Officer Rothgeb came out of the woods and identified himself as a police officer, appellant fled the scene. These facts, taken together, support a finding that appellant knew that what they were searching for was cocaine.

Despite this conclusion, the evidence is insufficient to support a finding that appellant had constructive possession of the drugs contemporaneous with Neal's actual possession. Occupancy of the premises on which drugs are found does not give rise to a presumption of possession; instead, it is only one factor to be considered along with other evidence in determining whether a defendant constructively possessed drugs. *Garland v. Commonwealth*, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983); *see Drew*, 230 Va. at 473-74, 338 S.E.2d at 845. In this case, there was no other evidence to show that appellant had knowledge of the nature and presence of the substance *at the time Neal had actual possession.* Although it was within the province of the jury to assess the credibility of appellant's testimony, the mere conclusion that appellant had lied to conceal his guilt was insufficient to provide a basis for inferring that he had the requisite knowledge contemporaneous with Neal's possession. The evidence, therefore, "creates a mere

suspicion [of guilt] . . . [which] 'is insufficient to sustain a criminal conviction.' " *Garland*, 225 Va. at 184-85, 300 S.E.2d at 785 (citation omitted).

For these reasons, we reverse the judgment of the trial court.

*Reversed and dismissed.*

Moon, C.J., and Cole, S.J., concurred.