COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia


GARY LEE ALEXANDER
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1967-96-2    JUDGE RICHARD S. BRAY
                                         JUNE 3, 1997
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                     James F. D'Alton, Jr., Judge

              Jacqueline R. Waymack (Butterworth & Waymack,
              on brief), for appellant.

              Steven A. Witmer, Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on
              brief), for appellee.


        Gary Lee Alexander (defendant) was convicted in a bench

trial for possessing cocaine in violation of Code § 18.2-250.  On

appeal, he challenges the sufficiency of the evidence to support

the conviction.  Finding no error, we affirm.

        The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

        In reviewing the sufficiency of the evidence, we examine the

record in the light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom.  See

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987).  The judgment of a trial court, sitting without a jury,

is entitled to the same weight as a jury verdict and will be

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

> [P]ossession of a controlled substance may be actual or constructive. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)) (other citations omitted). Circumstantial evidence may establish possession, provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Here, Officer Cunningham, while routinely patrolling a "high crime area" at 12:40 a.m., observed a darkened vehicle, "backed up" to the "sliding doors" of a closed paving business. As Cunningham entered the parking area in a marked police unit, the car began to pull away. Suspicious, Cunningham stopped the

vehicle, approached on foot, and observed a "glass tube," "obviously a crack pipe" with "burnt residue on it," "up on its edge" on the rear floor behind defendant, a passenger in the front seat.  Cunningham noted that defendant was "smoothing [a] tissue out in his lap," also with "black residue" on it, which Cunningham recognized as a "cleaning tissue" for the pipe.

Officer Moegling soon arrived, requested defendant to exit the vehicle, and conducted a patdown for weapons.  Moegling detected an object in defendant's pocket, but when Moegling asked, "What is that?" defendant answered, "I don't have anything."  Moegling then removed a 4-inch bolt, which Cunningham advised was "use[d] to pack crack pipes with."  Both the bolt and the pipe tested positive for cocaine residue.

We acknowledge that a bolt may be possessed for a myriad of legitimate purposes.  However, defendant, a convicted drug dealer aware that a crack pipe had been discovered behind his seat in the vehicle, denied possession of the bolt.  Testimony connected the bolt, pipe and tissue as drug paraphernalia, a relationship consistent with other evidence of illicit use in this instance. "Although none of [such] circumstances, standing alone, would have sufficiently proved that defendant possessed the drugs, the facts combined to support the finding that the narcotics discovered were subject to defendant's informed 'dominion and control.'"  Hetmeyer v. Commonwealth, 19 Va. App. 103, 111-12, 448 S.E.2d 894, 899-900 (1994).

Accordingly, we affirm the conviction.

Affirmed.