COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


NARRIO R. GIBBS, JR.
                                            MEMORANDUM OPINION[*]
v.          Record No. 2459-96-1    BY JUDGE JOSEPH E. BAKER
                                            SEPTEMBER 23, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Robert W. Curran, Judge

              Thomas W. Carpenter (Overman, Cowardin &
              Martin, P.L.C., on brief), for appellant.

              Linwood T. Wells, Jr., Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


     Narrio R. Gibbs, Jr. (appellant) was convicted in a bench

trial for escaping from jail in violation of Code § 18.2-479(B).[1]

 On appeal, he contends that (1) the evidence was insufficient to

prove that he left the confines of the correctional facility and

(2) evidence merely that he left his assigned trailer was

insufficient to prove an escape in violation of Code

§ 18.2-479(B).  Because we hold that the evidence was

───────────────

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]Code § 18.2-479(B) provides that:

              If any person lawfully confined in jail or
              lawfully in the custody of any court or
              officer thereof or of any law-enforcement
              officer on a charge or conviction of a felony
              escapes, otherwise than by force or violence
              or by setting fire to the jail, he shall be
              guilty of a Class 6 felony.

sufficient to prove that he left the confines of the city prison farm, we affirm the conviction without reaching the latter assignment of error.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Circumstantial evidence is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755,

2

433 S.E.2d 27, 29 (1993). Whether an alternative hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a determination by the fact finder, therefore, is binding on appeal unless plainly wrong. See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

In this case, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, is that appellant left the confines of the prison farm. At 11:00 p.m. on February 29, 1996, a head count in the prison farm trailers indicated that all inmates were present and accounted for. At about 11:15 p.m., correctional officers saw two individuals emerge from a utility vent, located atop a trailer within the city prison farm compound and jump to the ground. Officers responded to the trailer area immediately, but the two were no longer in sight, and despite a thorough search of the fenced "security" area surrounding the farm, the officers were unable to locate the pair. A head count and search of the inmate trailers revealed that appellant was one of two inmates missing and that he and his companion probably had escaped through a crawlspace in the ceiling of trailer annex 1.

Officers waited beneath the hatch to the crawlspace, and at about 4:00 a.m., they heard noises on the roof of the trailer, after which appellant crawled through the hatch and back into the trailer. He smelled of alcohol, a substance not permitted on the

3

prison farm, and the evidence showed that beer was available at a convenience store within walking distance of the correctional facility. A short time later, the other missing inmate was found hiding beneath an adjacent trailer in an area previously searched. That inmate appeared intoxicated and had alcohol in his possession.

Although no one actually saw appellant outside the security fence and although the ceiling crawlspace that appellant came through had not been searched prior to his 4:00 a.m. reentry, the space beneath the trailer where his companion was found had previously been searched, as had all other areas within the security fence, including "inside the barracks" and "the complete trustee trailer areas." The searchers had found neither the escapees nor any contraband during that search. In addition, the officers posted in the trailer bathroom below the crawlspace that was the route of escape heard nothing out of the ordinary until appellant made noises on the roof just prior to his 4:00 a.m. reentry.

The only reasonable hypothesis flowing from the evidence is that both appellant and his companion fled the security area immediately after they were seen jumping from the roof of the trailer and that they obtained the alcoholic beverages they consumed while outside the secured area.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

4