COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Bray
Argued at Richmond, Virginia


ANTONIO EWELL MORSE

MEMORANDUM OPINION[*] BY
v.          Record No. 2395-97-2          JUDGE LARRY G. ELDER
                                          OCTOBER 20, 1998
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Oliver A. Pollard, Jr., Judge

Mary Katherine Martin, Senior Assistant
Public Defender (Office of the Public
Defender, on brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Antonio Ewell Morse (appellant) appeals from his bench trial

conviction for possession of cocaine with intent to distribute in

violation of Code § 18.2-248. On appeal, he contends that the

evidence was insufficient to prove he intended to distribute the

cocaine. We disagree and affirm his conviction.

I.

FACTS

In the early morning hours of December 5, 1996, Officer

Robert Elkins was working undercover to purchase drugs as part of

a "buy-bust" operation. Elkins was driving around Petersburg in

an unmarked car "to locate individuals that would flag [him] over

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to attempt to buy cocaine from them." A man Officer Elkins knew as Kevin Montcastle flagged him down, and they discussed Elkins' obtaining crack cocaine. Montcastle agreed to try to get some cocaine for Elkins, "but [Montcastle] wanted a ride." For safety reasons, Elkins would not let Montcastle enter the vehicle, and "eventually [Montcastle] jumped on the hood of [Elkins'] car."

Elkins drove to another location, where Montcastle got off the hood and walked over to a group of people. Montcastle "singl[ed] out [appellant]," and the two moved a few feet from the rest of the group and talked for thirty to thirty-five seconds. Montcastle and appellant then approached Elkins' open, driver's-side window. Appellant reached into his pocket and pulled out a plastic cigarette box wrapper containing small bags of what appeared to be crack cocaine. Appellant's hand was "cupped," and "[t]he whole time he was walking up, he had his fingers stuck in the bag as if trying to pick [something] out of it." When appellant and Montcastle arrived at the window of the car, appellant asked to "see the money," and Elkins held a marked twenty-dollar bill in the open window.

> [Appellant] picked out . . . one or two bags
> . . . [and] reached into [Elkins' car] window
> with [either one or two] zip bags of cocaine
> . . . between his fingers. As [appellant]
> touched his hand in there, there was a moment
> of hesitation with the exchange of the money
> for drugs. . . . [H]e continued to hold the
> drugs in his hand, pushed [Elkins'] hand
> away, [and] grabbed the $20 bill . . . . He
> put the money and cocaine back in his pocket
> and he said . . . get . . . out of here [in
> a] rather loud, angry tone and walked off.

- 2 -

Montcastle then became irate with appellant and spoke to him "in an angry tone."

Elkins radioed his back-up team and kept appellant in sight until the team arrived to take him into custody. Appellant attempted to flee, and immediately prior to being apprehended, appellant threw the money and cocaine, which he had been holding in his hand, to the ground. Investigator Young retrieved the money and drugs, which proved to be eight zip bags of cocaine totalling 0.58 grams. When Young searched appellant, he found no smoking device or any other paraphernalia tending to indicate the reasons for appellant's possession of the drugs.

In convicting appellant of possession with intent to distribute, the trial court made the following findings:

[T]he defendant was approached by Montcastle. Montcastle knew that Elkins was looking to buy. Together they approached the car. Defendant extended his hand to take something from the cellophane wrapper, plastic wrapper. He snatched the money out of Elkins' hand. Could be that he intended to do this all along. Could have been he intended to move to make a sale and then change[d] his mind in the middle of it.

In any event the fact that his contact person, Montcastle, was upset indicated he thought otherwise. There's no reason for him to approach [defendant] as long as the man was looking to make a buy. I find it too [much] of a leap . . . to decide that he's out there ripping off everybody.

Common sense is going to tell you he's not going to keep many customers. You're not [going] to make any customers if you're out there ripping everybody off. So I don't believe that.

II.

ANALYSIS

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

> The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide. However, whether a criminal conviction is supported by evidence sufficient to prove guilt beyond a reasonable doubt is not a question of fact but one of law.

Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601–02 (1986).

Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding of fact made by the trial court is binding on appeal unless plainly wrong, see Higginbotham, 216 Va. at 352, 218 S.E.2d at 537.

- 4 -

"Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).

The circumstantial evidence in this case, viewed in the light most favorable to the Commonwealth, was sufficient to prove, beyond a reasonable doubt, that appellant intended to distribute cocaine to Officer Elkins. After Montcastle agreed to help Elkins purchase crack cocaine, Elkins drove Montcastle to another location where he saw appellant. Although appellant was part of a group of people, Montcastle immediately "single[d] [appellant] out." The two separated from the rest of the group and talked for about thirty seconds. Appellant then approached Elkins' car while reaching into a cellophane cigarette wrapper containing smaller "zip" bags of cocaine as if trying to retrieve one or two of the "zip" bags. Appellant asked to see Elkins' money, and when Elkins held a twenty-dollar bill in the window, appellant had the opportunity to take the money and flee. However, appellant then actually "picked out . . . one or two bags" of cocaine, reached into Elkins' window with the cocaine in his hand, and "hesitat[ed]" for a moment before grabbing Elkins' money and putting it and the cocaine in his pocket.

This evidence, combined with appellant's possession of eight bags of cocaine and Montcastle's anger when appellant refused to sell Elkins the cocaine, supports the inference that appellant had told Montcastle he would sell cocaine to Elkins. Moreover,

the evidence proved that appellant retrieved a package of cocaine from a larger bag, displayed the package of cocaine, and asked to see Elkins' money.  This conduct was sufficient to prove that appellant was offering the cocaine to consummate the transaction. The fact that appellant did not complete the transaction, but, instead took Elkins' money, does not diminish the proof that appellant offered to sell the cocaine.  This was sufficient circumstantial evidence to prove appellant possessed the cocaine with the intent to distribute it.

For these reasons, we affirm appellant's conviction.

<u>Affirmed</u>.