COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Lemons
Argued at Chesapeake, Virginia


ROBERT ROUNDY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2695-98-1          JUDGE LARRY G. ELDER
                                      DECEMBER 21, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                     Robert W. Curran, Judge

           (Kevin M. Diamonstein, on brief), for
           appellant.  Appellant submitting on brief.

           (Mark L. Earley, Attorney General; Donald E.
           Jeffrey, III, Assistant Attorney General, on
           brief), for appellee.  Appellee submitting on
           brief.


     Robert Roundy (appellant) appeals from his bench trial

conviction for possession of cocaine.  On appeal, he contends

that the evidence was insufficient to prove he constructively

possessed the cocaine found in his shoe.  We hold that the

circumstantial evidence was sufficient to exclude all reasonable

hypotheses of appellant's innocence, and we affirm his

conviction.

     While on routine patrol at about 5:00 p.m. on May 15, 1998,

Officer Knight saw Mark Cheely driving a van.  Knight believed

Cheely's license had been suspended, and after confirming

          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

through the Department of Motor Vehicles (DMV) that his belief was accurate, Knight stopped the van.  As the van stopped, Cheely changed places with appellant, a passenger.  When Officer Knight approached the van, he found appellant in the driver's seat and Cheely kneeling between the driver's seat and the front passenger seat.  In the front passenger seat was a Ms. Holmes, who said the van belonged to her.

Officer Knight told appellant he was under arrest for obstruction of justice and asked for his driver's license. Knight determined via a DMV check that appellant's license also was suspended.  Knight asked appellant, Cheely and Holmes to step out of the vehicle, and he read appellant his Miranda rights.  He asked Holmes for permission to look inside the van, and while doing so, he noticed a pair of white tennis shoes located toward the rear of the van in front of the bench seat, which was about four steps from the front.  Appellant was the only one of the three not wearing shoes, and Knight asked appellant if he wanted his shoes.  Appellant said yes, and when Knight retrieved the shoes, he found inside a glass smoking device that tested positive for cocaine.  Next to the shoes was a partially consumed cold beer.  Knight smelled alcohol on all the occupants of the vehicle.  Appellant admitted that he previously had smoked cocaine about ten times, but he did not say whether the pipe was his.

-

Appellant testified.  He said he took the wheel when Cheely suddenly pulled to a stop and told him to drive.  Appellant said that he did not know his own license was suspended.  He claimed that Cheely was the one drinking the beer and that, after Cheely vacated the driver's seat, he went to the back of the van.  Appellant said that he put his shoes in the back of the van when he entered earlier, that the pipe was not his, and that both Cheely and Holmes were in the back of the van at various times.  The trial court convicted appellant of possession of cocaine and sentenced him to five years with four years, nine months suspended on condition of good behavior for ten years.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible.  See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

-

"To convict a person of possession of illegal drugs 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.'" Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). Possession need not be actual, exclusive, or lengthy in order to support a conviction under Code § 18.2-250; instead, the statute criminalizes possession of illegal drugs of any duration that is constructive or joint. See Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974); Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

Constructive possession of illegal drugs may be proven by "'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 82 (1992) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). Neither close proximity to illegal drugs nor occupancy of an automobile in which they are found, standing alone, amounts to "possession" of such drugs under Code § 18.2-250; however, both are factors that may be considered in determining whether possession occurred in a particular case.

-

See Castaneda, 7 Va. App. at 583-84, 376 S.E.2d at 87.  Such circumstantial evidence may be sufficient to prove possession, as long as it excludes all reasonable hypotheses of innocence flowing from the evidence.  See Higginbotham, 216 Va. at 352-53, 218 S.E.2d at 537 (quoting LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950)).

We hold that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove appellant constructively possessed the cocaine.  The trial court was free to accept appellant's testimony that he had smoked cocaine in the past and to reject appellant's testimony that the pipe was not his and that the shoes had been unattended in the back of the van for an extended period of time.  Although the court's rejection of appellant's testimony did not provide affirmative evidence of appellant's guilt, see, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 144, 442 S.E.2d 419, 421 (1994), the remaining evidence excluded all reasonable hypotheses of innocence.  The evidence established that that the cocaine pipe was in appellant's shoe; that appellant was familiar with cocaine, having smoked it several times in the past; that a cold beer was sitting next to appellant's shoe; and that appellant had alcohol on his breath.  The evidence also established that appellant moved about in the van after the officer signaled it to pull over.  The only reasonable hypothesis flowing from this evidence is that appellant was aware of both the presence and

-

character of the cocaine pipe in his shoe and that it was subject to his dominion and control.

For these reasons, we hold that the evidence is sufficient to prove appellant's constructive possession of the cocaine found in his shoe, and we affirm his conviction.

<u>Affirmed.</u>