COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


ERIC LAMONT PAYNE

v.        Record No. 3339-02-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
CHIEF JUDGE JOHANNA L. FITZPATRICK
DECEMBER 2, 2003


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Leyburn Mosby, Jr., Judge

Herbert E. Taylor, III (Herbert E. Taylor, III, P.C., on brief),
for appellant.

Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Eric Lamont Payne (appellant) contends the trial court erred in denying his motion to

strike his charges of possession of cocaine under Code § 18.2-250, possession of a firearm after

having been found guilty of a felony under Code § 18.2-308.2(ii), possession of a firearm while

in possession of cocaine under Code § 18.2-308.4, and obstruction of justice under Code

§ 18.2-460(A).  He argues that the evidence was insufficient to prove him guilty beyond a

reasonable doubt.  Finding no error, we affirm.

I.  BACKGROUND

"When the sufficiency of the evidence is challenged on appeal, we determine whether the

evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the

reasonable inferences fairly deducible from that evidence support each and every element of the

charged offense."  Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(1999). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).

So viewed, the evidence established that on January 23, 2002, Lynchburg Police Investigator Saxton (Saxton) received a call at approximately 5:10 p.m. from a reliable confidential informant, who stated that he had seen appellant in possession of cocaine. The informant described appellant's appearance in detail. Saxton and other members of the Vice/Narcotics unit went to the location near 11th and Taylor Streets where appellant had been seen. Investigator Gauthier (Gauthier) was in an unmarked vehicle with Saxton, who was dressed in jeans and a T-shirt, and had his badge displayed on a chain around his neck. The other responding officers were in unmarked cars but were wearing T-shirts that stated "Police" in large yellow letters along the front and back and had a badge displayed.

Tina Mitchell (Mitchell), who lived at 1101 Taylor Street, returned home from work at about 4:30 p.m. Shortly thereafter, she left her house to go to the corner store with her boyfriend. Appellant, a friend of her son's, was standing on the landing in front of her house. He was not allowed in the house when Mitchell was out. Mitchell testified that when she leaves the home she uses the front door and returns through the back door, and usually keeps a rug rolled up against the back door to prevent the cold from entering her home. She stated that when she left the house there was nothing rolled up inside the rug and there was no cocaine or debris near her back door. She also testified that she kept a bucket under the kitchen table to use when she scrubbed floors and that when she left the house there was no gun underneath her kitchen table or in the bucket.

After Mitchell left for the store, Saxton approached the Taylor Street area. When he was approximately a half block away from Mitchell's house, Saxton saw a person fitting the description of Eric Payne given by the informant, standing on the landing in front of Mitchell's house. As the other investigators pulled into Mitchell's block of Taylor Street, Payne ran into Mitchell's house. Saxton and Gauthier continued up 11th Street and approached the rear of the building.

When the officers arrived at the back door, appellant opened the door from the inside. Saxton and Gauthier announced that they were police officers, and appellant immediately shut the door. Gauthier grabbed the screen door to open it, and Saxton opened the main door. Saxton saw appellant walk from the kitchen, and step into the hallway, which he described as approximately three by six feet in diameter. He yelled to appellant that he was a police officer and to get on the ground. When appellant did not obey the command, Saxton grabbed his shirt and a struggle ensued. When Saxton succeeded in getting appellant to the ground, appellant's hands were underneath his body. Saxton repeatedly told appellant to get his hands out of his jacket, and finally had to force appellant's hands behind his back and handcuff him. As Saxton picked appellant up from the ground, he observed twenty-three plastic baggies with an off-white substance in them lying on the floor around them.

Saxton photographed the baggies and searched the area. In the kitchen, Saxton found a silver semi-automatic handgun in a bucket under the table, and found marijuana in appellant's pocket. During an interview with police, appellant first denied that the gun found in the kitchen belonged to him, but later admitted to police that the gun belonged to him and that he placed it there that day.

The trial court found appellant guilty of possession of a firearm after being convicted of a felony, possession of a firearm while in possession of cocaine, possession of cocaine, possession

of marijuana, and misdemeanor obstruction of justice.[1] The trial court sentenced appellant to serve eleven years and twenty-four months, with five years and three months suspended, and ordered that the firearm convictions be served concurrently.

## II. ANALYSIS

Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). This Court must determine "not whether 'there is some evidence to support'" appellant's hypothesis of innocence, but, rather, "whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [appellant's] theories . . . and found him guilty . . . beyond a reasonable doubt." Id. Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong, see Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998).

---

[1] A grand jury indicted appellant on June 3, 2002 for felony statutory burglary under Code § 18.2-91, possession of a firearm by a convicted felon under Code § 18.2-308.2, distribution of or possession with intent to distribute controlled substances on or near a school under Code § 18.2-255.2, possession of a firearm while in possession of a Schedule I or II controlled substance under Code §§ 18.2-308.4 and 18.2-10, obstructing justice under Code § 18.2-460(C), misdemeanor possession of marijuana under Code § 18.2-250.1, and felony possession of cocaine with intent to distribute under Code § 18.2-248.

Appellant pled guilty to the misdemeanor possession of marijuana charge and not guilty to the felonies. The trial court granted appellant's motion to strike the statutory burglary and possession of cocaine within one thousand feet of a school charges, and reduced the charge of obstruction of justice from a felony to a misdemeanor, finding that the Commonwealth proved obstruction under Code § 18.2-460(A) without meeting the additional requirements of subsection (C). The court also reduced the possession of cocaine with intent to distribute charge to simple possession of cocaine.

"To convict a defendant of illegal possession of drugs, the Commonwealth must prove that the defendant was aware of the presence and character of the drugs, and that he intentionally and consciously possessed them." Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975).

> Additionally, proof of actual possession is not required; proof of constructive possession will suffice. Constructive possession may be established when there are acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and character of the substance and that it was subject to his dominion and control.

Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998) (internal quotations and citations omitted). "While mere proximity to contraband is insufficient to establish possession . . . ," it is a factor "to be considered by the jury with other evidence in determining whether a defendant constructively possessed drugs." Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982).

In this case, credible evidence supports the trial court's judgment that appellant possessed the cocaine. When approached by the police, appellant ran into the Mitchell house. Despite the police identifying themselves, appellant tried to flee and had to be wrestled to the floor. After the struggle there were twenty-three baggies of cocaine scattered nearby. Mitchell testified that there was no cocaine in the hall before she left for the store, only five minutes before she returned. Although appellant contends that the Commonwealth failed to exclude the hypothesis that the cocaine was in the rug before appellant entered the home, no evidence substantiates that theory. The Commonwealth need only exclude hypotheses that flow from the evidence itself, not from the imagination of the defendant. See Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 327 (1983). The evidence does not support the hypothesis that someone other than the appellant put cocaine in the rug. We therefore hold that sufficient evidence supports the trial court's finding that appellant possessed cocaine.

- 5 -

Additionally, the evidence was sufficient to prove that appellant possessed the gun while possessing cocaine. Appellant admitted to Saxton that he put the gun in the trash "earlier in the day." Mitchell testified that there was no gun underneath the bucket only five minutes before when she left home and that she had used the bucket the Monday before the day in question. Thus, the trial court reasonably inferred that appellant possessed the gun when he ran from Saxton and Gauthier, and put it underneath the bucket to conceal it at the same time he possessed the baggies of cocaine, then returned to the hallway to confront the officers. It was uncontroverted that appellant had a prior felony conviction. Thus, credible evidence supports the trial court's finding that appellant possessed the gun while in possession of cocaine and while a convicted felon.

Finally, we find that the evidence was sufficient to prove that the defendant obstructed justice. The trial court reduced the charge from felony obstruction of justice under Code § 18.2-460(C), to misdemeanor obstruction of justice under Code § 18.2-460(A). That section states, in pertinent part, that

> If any person without just cause knowingly obstructs a judge, magistrate, justice, juror, attorney for the Commonwealth, witness or any law-enforcement officer in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such judge, magistrate, justice, juror, attorney for the Commonwealth, witness, or law-enforcement officer, he shall be guilty of a Class 2 misdemeanor.

"Impeding an officer's duties does not require the defendant to commit an actual or technical assault upon the officer. Rather, there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action." Craddock v. Commonwealth, 40 Va. App. 539, 552-53, 580 S.E.2d 454, 461 (2003) (internal citations and quotations omitted).

The evidence supports the trial court's judgment that appellant continued to struggle with the police and refused to take his hands from underneath his body when ordered. The officers, clearly identified as police, entered the back door, and saw appellant approach from the kitchen. They announced that they were police officers again, and told appellant to get down, which he refused to do and he had to be subdued. Therefore, the trial court did not err in finding the evidence sufficient to prove appellant obstructed justice by impeding the police officers in the performance of their duties.

Finding no error, we affirm the judgment of the trial court.

<u>Affirmed.</u>