COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Annunziata
Argued at Chesapeake, Virginia


AUGUSTA LEE WOODRUFF
                                           MEMORANDUM OPINION[*] BY
v.        Record No. 2665-03-1           CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                NOVEMBER 9, 2004
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Johnny E. Morrison, Judge

        (John T. Callahan III, Assistant Public Defender; Office of the
        Public Defender, on brief), for appellant.  Appellant submitting on
        brief.

        Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Augusta Lee Woodruff (appellant) appeals her bench trial conviction of embezzlement

pursuant to Code § 18.2-111.  On appeal, she contends that the trial court erred in denying her

motion to strike because the evidence was insufficient to prove that she took funds entrusted to her

by her employer.  We hold that the evidence was sufficient to support her conviction, and affirm.

                              I.  BACKGROUND

        Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

        So viewed, the evidence established that on August 2, 2002, appellant was working as a

cashier at Alexander's B.P. station (the store).  The store's cashiers routinely deposit cash and

_____

        [*]  Pursuant to Code § 17.1-413, this opinion is not designated for publication.

checks in envelopes inside a "drop safe" after their shift for later pick up. After appellant's shift ended, Ronald Alexander (Alexander), the owner of the business, picked up the money earned the night before from the store's safe. Each envelope was supposed to contain a maximum of $500. Alexander was the only one who had the key to remove items from the safe. Consistent with his routine, Alexander removed the envelopes from the safe, placed them in a bag, and took them to his office. The bag also contained a worksheet filled out by appellant that reported how much money each numbered envelope contained, but did not list her name, shift or register number as store policy required. Alexander cross-checked appellant's worksheet against the number of envelopes and amount of money actually contained in the bag. He discovered that there were seven envelopes listed on appellant's worksheet, but only six envelopes in the bag. Envelope number six, which appellant listed as containing $1,350, was not in the bag.

Alexander called Charles Shortridge (Shortridge), the manager on duty the previous night, and asked him to try to locate the missing envelope. Shortridge searched the store but did not find the envelope. Shortridge called appellant and ask her about the envelope. She denied any knowledge of the missing envelope.

Alexander and his son Charles (Charles), also searched the inside of the safe, around the safe, and throughout the store, but did not find the envelope. About an hour later, Shortridge called appellant and again asked her if she was positive that she did not have the envelope. She again said she did not know where the envelope was. After a few minutes, he called her again and said that Alexander was going to call the police if they could not find it. He told her that once he accidentally took an envelope home with him, and asked if she was sure she hadn't done the same thing. Appellant responded that if she had put the envelope in her pocket, she was sure she would have taken it out. Appellant later denied making the statement.

Although the store is equipped with surveillance cameras, Alexander's review of the tapes from the night in question did not show appellant taking the envelope. However, Alexander testified that he saw appellant "laying over the safe" when she dropped the envelopes at the end of the night. Charles thought her behavior at the safe looked "peculiar."

The three other cashiers working the same night denied taking the envelope. All three testified that appellant put on a sweatshirt with pockets in it toward the end of the night. One cashier noted that it was hot in the store for a sweatshirt. Appellant, a convicted felon, testified on her own behalf. She denied taking the missing envelope and said she put on the sweatshirt because she had been sick with walking pneumonia and felt cold. She also testified that she dropped the envelopes "in two drops, three at a time into the safe."

## II. ANALYSIS

Appellant contends that because the Commonwealth failed to exclude every reasonable hypothesis of innocence, the evidence was insufficient to convict her. We disagree.

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).

A conviction for embezzlement under Code § 18.2-111 requires proof that a person "wrongfully and fraudulently use, dispose of, conceal, or embezzle any money . . . which [she] shall have received for another or for [her] employer . . . by virtue of [her] office, trust, or employment." Appellant contends that the Commonwealth failed to exclude every reasonable hypothesis of innocence surrounding the envelope's loss because no witness saw her take the envelope, and someone else could have taken it. She argues that the only evidence of her guilt is

- 3 -

the fact that she was responsible for the missing envelope. She also argues that the envelope could have been lost after Alexander removed the money bag from the safe on the way from the store to his office. There was no direct evidence that appellant took the envelope. However, circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). "The Commonwealth is only required to exclude hypotheses of innocence that flow from the evidence, and not from the imagination of the [defendant's] counsel." Fordham v. Commonwealth, 13 Va. App. 235, 239, 409 S.E.2d 829, 831 (1991). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). This Court must determine "not whether 'there is some evidence to support'" appellant's hypothesis of innocence, but, rather, "whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [appellant's] theories and found [her] guilty beyond a reasonable doubt." Id. "Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong," Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998).

We cannot say that the trial court's ruling was plainly wrong. Appellant was the sole person in possession of the envelopes before she dropped them in the safe, and no one except Alexander had a key to the safe. He discovered that an envelope was missing shortly after removing the money from the safe. The envelope and money were never recovered. Two witnesses testified that appellant was acting peculiar when leaning over to place the envelopes in the safe. Appellant failed to follow required store accounting procedures when depositing

- 4 -

money in the envelopes and filling out her worksheet. Additionally, she suggested to Shortridge that she might have put an envelope in her pocket, and testified that she only dropped six envelopes into the safe. Although appellant testified that she did not take the money, the trial court did not believe her testimony.

> The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.

Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (internal citations and quotations omitted).

The Commonwealth's evidence at trial excluded appellant's hypotheses of innocence and was sufficient to establish her guilt beyond a reasonable doubt.

Accordingly, we affirm.

<u>Affirmed</u>.