COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Coleman
Argued at Richmond, Virginia


ANDRE DARNELL WATKINS

                                          MEMORANDUM OPINION[*] BY
v.      Record No. 1793-11-2            JUDGE SAM W. COLEMAN III
                                              MAY 8, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Burnett Miller, III, Judge Designate

Alexander M. Clarke, Jr. (The Clarke Law Firm, PLLC, on brief), for
appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Andre Darnell Watkins was convicted following a bench trial of misdemeanor domestic

assault and battery in violation of Code § 18.2-57.2. On appeal, Watkins contends the evidence

was insufficient to support his conviction. For the reasons that follow, we disagree and affirm the

trial court's decision.

BACKGROUND

In reviewing the sufficiency of the evidence on appeal, we examine the record in the light

most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The judgment of a trial court will be disturbed only if plainly wrong or without evidence to

support it. See id. The credibility of a witness, the weight accorded the testimony, and the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

So viewed, the evidence proved that on February 10, 2011, Watkins arrived at the residence he shared with Rhonda Allen and their seven-year-old son.  Watkins and Allen had argued over the course of the day.  Allen was in an upstairs bedroom with the door locked when Watkins arrived.  After Watkins banged on the door, Allen let him in.  Watkins continued arguing with Allen and when she attempted to place her cellular telephone on a nightstand, Watkins grabbed it from her hand and threw it, breaking a glass picture hanging on the wall.  Allen left the residence with her son and called the police from a neighbor's house.

Officer C.A. Huffman responded to the call.  He testified that when he arrived at the scene he observed Allen was bleeding from a small cut on the right side of her eye.  At trial, Allen viewed a written statement she made to the police at the time of the incident.  She confirmed having said at that time that appellant had hit her.  However, in her testimony, Allen stated that Watkins did not hit her.  She testified she could not recall how her face had been injured but "doubt[ed]" that the mark was on her face before Watkins returned home.

Appellant was arrested at the scene and also provided the police with a written statement.  In his statement he claimed "[n]o physical harm was done as I did not strike Ms. Allen to cause her any bodily harm."  At trial, appellant admitted having grabbed Allen's telephone from her in anger but denied having touched her.

## ANALYSIS

"The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination."  Marable v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998) (internal citation omitted).  "This Court does not substitute its judgment for that of the trier of fact."  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518

S.E.2d 347, 349 (1999) (citing Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992)).  The only relevant inquiry is "whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

The trial court found Allen's trial testimony that appellant did not hit her as not credible, "resolving the conflicts and inconsistencies [therein] against [appellant] and finding ultimately that the evidence constituted proof of guilt beyond a reasonable doubt."  Lockhart v. Commonwealth, 34 Va. App. 329, 343, 542 S.E.2d 1, 7 (2001).  Indeed, the trial court in making its credibility finding implicitly recognized that "a victim of domestic violence may deny an assault, especially when an abuser is present."  United States v. Brooks, 367 F.3d 1128, 1137 (9th Cir. 2004).

The trial court noted Watkins "said he did not hit her to cause her harm.  The implication from that is he did hit her."  The court also found the victim's original claim that appellant struck her "seems to be corroborated by her injury and [Watkins'] statement."  Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence.  See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong, see Martin, 4 Va. App. at 443, 358 S.E.2d at 418.  The testimony of the officer, the victim's demeanor, appellant's statements, and the physical evidence of the

victim's injury constituted sufficient evidence to permit a finding that appellant committed assault and battery on Allen.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed.</u>