COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Causey, Chaney and Callins
Argued at Hampton, Virginia


SAIQUAN LESHAY HOLT

v.      Record No. 1030-23-1

COMMONWEALTH OF VIRGINIA                 MEMORANDUM OPINION* BY
                                          JUDGE VERNIDA R. CHANEY
SAIQUAN LESHAY HOLT                          DECEMBER 30, 2024

v.      Record No. 1128-23-1

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
H. Thomas Padrick, Jr., Judge Designate

Kelsey Bulger, Deputy Appellate Counsel (Virginia Indigent
Defense Commission, on briefs), for appellant.

Angelique Rogers, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Saiquan Leshay Holt appeals her convictions of felony eluding, destruction of property,

hit and run, reckless driving, and driving with a revoked license.  She argues that the evidence

was insufficient to prove that she was the driver of the vehicle.  Also, she challenges the trial

court's revocation of her previously suspended sentence based in part on those convictions.  We

find that the evidence was sufficient to sustain Holt's convictions rendering her second

assignment of error moot and affirm the judgment of the trial court.[1]

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Holt appealed two orders from the trial court—the criminal sentencing order,
No. 1030-23-1, and the probation revocation order, No. 1128-23-1.  Holt appealed the orders on

On August 22, 2021, around 2:00 a.m., Virginia State Trooper Mills observed a red Dodge Challenger traveling at 117 miles per hour in a 60 mile-per-hour zone. Mills activated his emergency lights, siren, and attempted to stop the vehicle. The car evaded Mills for several minutes before driving over a ditch and crashing into a fence. Mills could not identify the driver during the pursuit. He did not see the accident but arrived at the crash site a few seconds later. The airbags had deployed.

When Mills arrived, the car was in a ditch and the front half of the car was under the fence on the other side of the ditch. Holt exited the driver's side door and fled toward a nearby building. A second occupant "later crawled out of the vehicle through" the driver's side door and stayed on scene. The police found Holt after about an hour and brought her back to the scene, where Mills identified her. She was wearing the same clothes as when she had fled, her legs were covered with mud, and she had scratches on her body and cuts on her clothes. Under questioning, neither occupant identified who had been the driver.[3]

In July 2022, the court issued a capias for Holt's arrest. At the time of the offenses, Holt was on probation on a 2017 grand larceny conviction, for which she had received a five-year

---

the same date and filed nearly identical briefs. We heard oral arguments on the appeals in the same hearing and will address all of Holt's arguments in one opinion.

[2] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[3] Holt played several portions of Mills's interview with the other occupant but did not submit those video clips into evidence.

suspended sentence. Holt's probation officer filed a major violation report notifying the court of the above charges and an unrelated conviction for eluding the police.

In February 2023, the court convicted Holt of eluding the police, destruction of property, hit and run, reckless driving, and driving with a suspended license.[4] The parties stipulated that the accident caused $1,137.48 in damage to the fence. The Commonwealth submitted Holt's DMV transcript, which demonstrated that her license was suspended at the time of the incident.

In June 2023, at the combined sentencing and revocation hearing, Holt stipulated that she had violated the conditions of her suspended sentence. The court therefore revoked her suspended sentence and resuspended all but one year and three months.

ANALYSIS

Holt challenges her criminal convictions on the grounds that the evidence was insufficient to prove that she was the person driving the vehicle. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question . . . is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Washington v. Commonwealth*, 75 Va. App. 606, 615 (2022) (quoting *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020)).

---

[4] The court initially found Holt guilty of felony destruction of property but later reduced that charge to a misdemeanor on Holt's motion to set aside the verdict.

Holt argues that the Commonwealth failed to prove that she, and not the other occupant, was the driver. "At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)). We review the fact finder's determination of the identity of the perpetrator considering "the totality of the circumstances." *Brown v. Commonwealth*, 37 Va. App. 507, 523 (2002) (quoting *Satcher v. Commonwealth*, 244 Va. 220, 249 (1992)).[5]

"[W]e do not 'distinguish between direct and circumstantial evidence.'" *Commonwealth v. Barney*, 302 Va. 84, 98 (2023) (quoting *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017)). "A circumstantial fact is admitted on the basis of an inference when the inference is a probable explanation of another fact and a more probable and natural one than other explanations." *Id.* (quoting *Toler v. Commonwealth*, 188 Va. 774, 780 (1949)). "Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence." *Corbin v. Commonwealth*, 44 Va. App. 196, 202 (2004) (quoting *Tucker v. Commonwealth*, 18 Va. App. 141, 143 (1994)). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." *Id.* (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). In *Corbin*, we found the evidence sufficient to prove that the defendant was the driver even though no eyewitness saw him driving

---

[5] Despite their centrality in the briefing, the factors articulated in *Neil v. Biggers*, 409 U.S. 188 (1972), have little relevance here. We use the *Biggers* factors to assess the reliability of an out-of-court identification. *Ray v. Commonwealth*, 74 Va. App. 291, 303 (2022). Here, Holt does not challenge Mills's identification of her as the person who first exited the vehicle and fled the scene. Her sole argument is that Mills never saw her *driving* the vehicle. But the fact that Mills never saw Holt driving is uncontested. Accordingly, the issue is not the reliability of Mills's identification of Holt but whether the surrounding circumstances proved that Holt was the driver and not the passenger.

because he exited the driver's side of the vehicle, "struggling with the steering wheel" as he did so, "nothing prevented him from exiting from [the passenger] side," and he "was the only one seen leaving the vehicle." *Id.* at 203.

Here, the circumstantial evidence proved that Holt was the driver and not the passenger. Most significantly, Holt exited the driver's side door *before* the other occupant. If Holt had been the passenger, she would have had to climb over the other occupant—while the airbags were deployed—in her rush to flee the scene. The far more reasonable inference is that Holt exited first because she was the driver, and the other occupant was a passenger. *See Barney*, 302 Va. at 98 (explaining that the fact finder may infer a fact that is "more probable and natural . . . than other explanations"); *Vasquez v. Commonwealth*, 291 Va. 232, 250 (2016) (explaining that a choice between two interpretations of a fact is arbitrary "only when no rational factfinder could believe the incriminating interpretation of the evidence and disbelieve the exculpatory one").

Moreover, Holt fled the scene while the other occupant did not. "A person's 'flight from a crime scene . . . generally cannot be explained in terms of innocent human behavior.'" *Walker v. Commonwealth*, 79 Va. App. 737, 749 (2024) (alteration in original) (quoting *Jones v. Commonwealth*, 279 Va. 52, 58 (2010)). "[I]t is today universally conceded that the fact of an accused's flight, . . . and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." *Id.* (second alteration in original) (quoting *Langhorne v. Commonwealth*, 13 Va. App. 97, 102 (1991)). Contrary to Holt's argument, Mills's testimony that the reasons for flight "can be anything and everybody has their own reason" does not undermine the well-established principle that a fact finder can view flight as consciousness of guilt because the trial court is not bound by a witness's opinion. *Rams v. Commonwealth*, 70 Va. App. 12, 33 (2019). Therefore, the trial court could rely on Holt's flight as affirmative evidence that she was the driver. The totality of the circumstances established that Holt was the

driver, and she does not challenge any other element of her convictions. Accordingly, we find the evidence was sufficient to conclude that Holt was the driver and affirm her convictions.

In her second assignment of error, Holt asserts that "[a]ssuming that the trial court erred in convicting" her of the offenses discussed above, she is entitled to a new revocation hearing. When a defendant challenges her revocation by arguing that the convictions underlying the revocation should be reversed, and we affirm those underlying convictions, the defendant's revocation challenge is moot. *Patterson v. Commonwealth*, 12 Va. App. 1046, 1049 (1991). Therefore, our affirmance of Holt's convictions moots her argument that she is entitled to a new revocation hearing.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*