JON HILL, a/k/a JON B. HILL,

a/k/a JOHN B. HILL

v.

MIDDLESEX COUNTY

No. 1737-89-2

Decided March 12, 1991

COUNSEL

David W. Holland, for appellant.

Michael T. Soberick, County Attorney, for appellee.

OPINION

**WILLIS, J.**—The right of an accused to appeal from the district court to the circuit court and obtain retrial of a misdemeanor charge pursuant to Code § 16.1-132 is not dependent upon his posting an appeal bond.

John B. Hill was arrested on a criminal warrant charging that he did unlawfully "construct approximately one mile of private road, beginning at the terminus of Route 601 and extending in an easterly direction, without first securing a land distrubing [sic] permit." He was released on a Virginia Uniform Summons whereby he agreed to appear in the General District Court of Middlesex County on March 20, 1989. On June 5, 1989, he was found guilty and was sentenced to pay a fine of $250. On that day he noted his appeal to the circuit court. On July 10, 1989, he executed a civil appeal bond in the penalty of $250, secured by a cash deposit. By its order of October 4, 1989, the trial court sustained the Commonwealth's motion "to dismiss the appeal on the grounds that the bond had not been posted within the required time."

Code § 16.1-132 provides:

> Any person convicted in a district court of an offense not fe-
> lonious shall have the right, at any time within ten days from
> such conviction, and whether or not such conviction was upon
> a plea of guilty, to appeal to the circuit court. There shall
> also be an appeal of right from any order or judgment of a
> district court forfeiting any recognizance or revoking any
> suspension of sentence.

This statute sets forth a statutory grant of a new trial. *Harbaugh v. Commonwealth*, 209 Va. 695, 698-99, 167 S.E.2d 329, 332 (1969). It thereby secures to one accused of a misdemeanor his right to a jury trial. *Gaskill v. Commonwealth*, 206 Va. 486, 490, 144 S.E.2d 293, 296 (1965). No condition is imposed upon the exercise of the statutory right other than the requirement that the appeal be made within ten days from conviction in the district

court.

■ Code § 16.1-135 provides:

A person who has been convicted of an offense in a district court and who has noted an appeal, either at the time judgment is rendered or subsequent to its entry, shall be given credit for any bond that he may have posted in the court from which he appeals and shall be treated in accordance with the provisions of §§ 19.2-123 and 19.2-124. Any new bond which may be required for the release of such person pending the appeal shall be given before the judge or the clerk of the district court and treated in accordance with §§ 19.2-123 and 19.2-124; however, if the judge or clerk is not available to take the bond, the bond may be given before a magistrate of the jurisdiction. Whenever an appeal is taken and the ten-day period prescribed by § 16.1-133 has expired the papers shall be promptly filed with the clerk of the circuit court.

This section authorizes the requirement of bail and describes the manner of taking and handling bail bonds. It does not require the accused to secure his release on bail, nor does it impose a bonding condition upon his exercise of his right to trial *de novo*.

When Hill noted his appeal from the district court to the circuit court he thereby perfected it. The judgment of the trial court dismissing the appeal is reversed and this case is remanded for trial *de novo* on the charges originally brought.

*Reversed and remanded.*

Baker, J., and Moon, J., concurred.