148

## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Victor D. Copto-Lavalle

January 10, 2002

Case No. (Criminal) M021435

BY JUDGE STANLEY P. KLEIN

Defendant Copto-Lavalle seeks to appeal the October 12, 2001, order of the Fairfax General District Court denying his Motion to Set Aside Judgment. He had been convicted of Driving While Under the Influence [of Alcohol] by the General District Court on August 3, 2001, but no appeal was noted to the underlying conviction. Copto-Lavalle claims that he is entitled to a *de novo* trial in this court based upon his appeal from the order denying his Motion to Set Aside Judgment. For the reasons set forth in this opinion letter, Defendant is not entitled to any relief in this court.

### I. *Background*

Copto-Lavalle was arrested on February 19, 2001, on a charge of Driving While Under the Influence in violation of § 82-1-6 of the Fairfax County Code. He appeared with his prior attorney before the General District Court on August 3, 2001, and entered a plea of guilty. Pursuant to a plea agreement between the parties, the General District Court imposed its sentence on that date. No appeal was noted to the order of conviction entered on August 3, 2001.

On October 1, 2001, Bobby B. Stafford, present counsel for defendant, filed a Motion to Set Aside Judgment in the General District Court and noticed a hearing on the motion for October 12, 2001. On that date, the Honorable Michael J. Cassidy, who had presided over the original

proceedings, denied the motion. Mr. Stafford noted an appeal to the ruling of the General District Court on October 12, 2001, seventy days after the date of the original conviction.

The parties appeared before this court on December 6, 2001. Defendant asserted that he was entitled to a trial *de novo* on the underlying charge because he had timely noted an appeal to Judge Cassidy's October 12, 2001, ruling denying his motion to set aside the conviction. The Commonwealth responded (1) that this court was without jurisdiction to entertain this appeal because Copto-Lavalle had not appealed his conviction within ten days of August 3, 2001, as required by Va. Code § 16.1-132; and (2) that, if Defendant was entitled to be heard in this court, it was solely on the denial of the Motion to Set Aside Judgment, not for a trial *de novo* on the underlying charge.

## II. *Analysis*

### A. *Statutory Scheme*

Va. Code §§ 16.1-132 and 16.1-136 principally govern appeals of criminal proceedings from a district court to a circuit court.[1] Those sections read as follows.

16.1-132. *Right of appeal.* – Any person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from such conviction, and whether or not such conviction was upon a plea of guilty, to appeal to the circuit court. There shall also be an appeal of right from any order or judgment of a district court forfeiting any recognizance or revoking any suspension of sentence.

16.1-136. *How appeal tried.* – Any appeal taken under the provisions of this chapter shall be heard *de novo* in the appellate court and shall be tried without formal pleadings in writing; and, except in the case of an appeal from any order or judgment of a court not of record forfeiting any recognizance or revoking any suspension of sentence, the accused shall be entitled to trial by a jury in the same manner as if he had been indicted for the offense in the circuit court.

---

[1] Va. Code §§ 16.1-133 (Withdrawal of appeal), 16.1-134 (Appeal by Commonwealth in revenue cases), 16.1-135 (Bail and recognizance; papers filed with circuit court), and 16.1-137 (Procedure on appeal when warrant defective) also apply to such cases but none of these code sections are implicated here.

150

Defendant concedes that he did not appeal the underlying conviction within the ten-day period set out in Va. Code § 16.1-132. He asserts, however, that he is nonetheless entitled to a trial *de novo* in this court because (1) it has been the experience of his counsel that trials *de novo* have been granted to his clients who have appealed denials of motions for a new trial in the district courts; and (2) any other interpretation of the relevant statutes would deprive him of the right to a jury trial afforded to him by the Constitutions of the United States and the Commonwealth of Virginia. The Court disagrees.

Long-settled principles of statutory construction belie any claim that Va. Code §§ 16.1-132 and 16.1-136 afford Copto-Lavalle the right to a trial *de novo* in this court on the underlying charge. "The primary objective of statutory construction is to ascertain and give effect to legislative intent." *Commonwealth v. Zamani*, 256 Va. 391, 395 (1998). When the language of a statute is clear and unambiguous, a court may consider only the words of the statute to determine its meaning. *Hubbard v. Henrico, Ltd. Partnership*, 255 Va. 335, 339 (1998). "The legislature's intent must be determined from the words used, unless a literal construction would yield an absurd result." *Ragan v. Woodcroft Village Apartments*, 255 Va. 322, 325-26, 497 S.E.2d 740 (1998) (citations omitted). "A statute is not to be construed by singling out a particular phrase; every part is presumed to have some effect and is not to be disregarded unless absolutely necessary." *Zamani*, 256 Va. at 395 (citations omitted). "When two statutes seemingly conflict, they should be harmonized, if at all possible, to give effect to both." *Id.*, 256 Va. 391 (citation omitted). "Thus, when the legislature has used words of a clear and definite meaning, the courts cannot place on them a construction that amounts to holding that the legislature did not intend what it has actually expressed." *Hubbard*, 255 Va. at 339 (citation omitted).

There is no constitutional right to a trial *de novo* in a bifurcated trial court statutory scheme. See *City of Seattle v. Hesler*, 653 P.2d 631, 636 (Wash. 1982) (holding constitutional a statutory scheme which authorized appeals from an inferior to a superior trial court solely on the record). Virginia's appellate courts have repeatedly stated that Va. Code § 16.1-132 *et seq.* afford a defendant a *statutory* right of appeal that is in effect a *statutory* grant of a new trial. See *Buck v. City of Danville*, 213 Va. 387, 388 (1972); *Gaskill v. Commonwealth*, 206 Va. 486, 490 (1965); *Allen v. Commonwealth*, 36 Va. App. 334, 341 (2001); *Hill v. Middlesex County*, 12 Va. App. 58, 59, 402 S.E.2d 243 (1991); *Duck v. Commonwealth*, 8 Va. App. 567, 572-73 (1989).

The plain and unambiguous language of Va. Code § 16.1-132 sets forth the three determinations of a district court in a criminal case from which a defendant may exercise the statutory right to a *de novo* hearing in the circuit

court: (1) conviction of an offense which is not a felony; (2) entry of an order or judgment forfeiting a recognizance; and (3) entry of an order or judgment revoking any suspension of sentence.[2] Va. Code § 16.1-132. Nowhere in this statute does the General Assembly grant a defendant a statutory right to appeal an adverse ruling on a Motion to Set Aside Judgment. Nor does Va. Code § 16.1-133.1, the statute that granted Copto-Lavalle sixty days to file his motion in the district court, contain any language authorizing an appeal from an adverse ruling.

In *Ragan v. Woodcroft Village Apts.*, 255 Va. 322 (1998), the Supreme Court decided the analytically identical issue of whether a litigant in a civil case in the general district court has the right to appeal the denial of a motion for new trial to the circuit court. Va. Code § 16.1-106, the civil case equivalent to Code § 16.1-132, reads in pertinent part as follows:

> From any order entered or judgment rendered in a court not of record in a civil case . . . there shall be an appeal of right, if taken within ten days after such order or judgment, to a court of record.

The Supreme Court interpreted this statute to authorize appeals from final orders or judgments only, reasoning as follows:

> Ragan's argument would require us to interpret the phrase "any order entered or judgment rendered" as allowing an appeal from any order *whatsoever*. Such an interpretation would allow the appeal of countless interlocutory matters, including orders granting continuances, orders setting trial dates, orders determining venue, and orders providing for bills of particulars or the production of documents. Manifestly, the legislature did not intend such a result.

*Ragan*, 255 Va. at 327-28 (emphasis in original). Hence, the Court held that the circuit court was without jurisdiction to hear the appeal and ordered that the general district court's order denying the motion for a new trial be reinstated. *Id.* at 328.

The Supreme Court's analysis in *Ragan* is equally applicable here. The statutory right to appeal a ruling of a general district court in a criminal case is limited pursuant to Code § 16.1-132 in the same manner as the statutory right

---

[2] Va. Code § 19.2-124 affords a defendant an additional statutory right to appeal an adverse decision relating to the defendant's bail.

to appeal in a civil case is limited by Code § 16.1-106. As such, Copto-Lavalle had no right to appeal Judge Cassidy's denial of his Motion to Set Aside Judgment.

Copto-Lavalle argues that he is still entitled to a trial *de novo* in this court because the filing of his post-trial motion in the district court extended the time for him to appeal the court's original verdict and sentence until ten days after the denial of his motion. Copto-Lavalle is mistaken. Va. Code § 16.1-132 is clear and unambiguous. The Court must therefore look only to the words of the statute to interpret it. *Harrison & Bates, Inc. v. Featherstone Assocs.*, 253 Va. 364, 368 (1997). That code section affords a statutory right to appeal "within ten days from such *conviction.*" Va. Code § 16.1-132. Conviction has a clear and definite meaning. Black's Law Dictionary defines conviction as "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." *Black's Law Dictionary* 333 (6th ed. 1990). The judgment and sentence in the General District Court were rendered on August 3, 2001. No appeal was noted until October 12, 2001, more than ten days after the judgment and sentence. This Court declines to interpret § 16.1-132 in a manner "that amounts to holding that the legislature did not intend what it actually has expressed." *Hubbard*, 255 Va. at 339. Therefore, no appeal was filed in a timely manner pursuant to the controlling statutory scheme.

## B. *Constitutional Right to Jury Trial*

Copto-Lavalle next argues that the Court's interpretation of the relevant statutory scheme would violate his right to a jury trial under both the Federal and Virginia State Constitutions. Copto-Lavalle is again mistaken. In *Manns v. Commonwealth*, 213 Va. 322 (1972), the Virginia Supreme Court held that "the Sixth Amendment guarantee of a jury trial . . . is adequately satisfied by the appeal of right and trial *de novo* procedure provided under Virginia law." *Id.* at 324; see also *Ludwig v. Massachusetts*, 427 U.S. 618 (1976). Further, the Virginia Constitution explicitly authorizes the enactment of laws "providing for the trial of offenses not felonious by a court not of record without a jury, preserving the right of the accused to an appeal to and a trial by jury in some court of record having original criminal jurisdiction." Va. Const., Art. I, § 8. The wisdom of the legislature in enacting Virginia's *de novo* appeal scheme was recognized by the Virginia Supreme Court in *Saunders v. Reynolds*, 214 Va. 697 (1974), when it opined as follows:

The courts not of record are instituted to handle with the greatest possible dispatch the numerous misdemeanors which constitute the

bulk of criminal cases occurring in this state. To serve the state's objective of expeditious disposition of cases, trial by jury is not provided in courts not of record. However, to protect the misdemeanant's right to trial by jury, he is specifically granted an automatic appeal from a court not of record and a trial *de novo* in a court of record, where a jury trial is available to him. See *Manns v. Commonwealth*, 213 Va. 322, 324 (1972).

*Saunders*, 214 Va. at 703-04. Virginia's statutory scheme contains no unreasonable restrictions on the right to a jury trial. See *Gaskill v. Commonwealth*, 206 Va. 486, 491 (1965); *Hill v. Middlesex County*, 12 Va. App. 58, 59-60 (1991). All one must do to be afforded the constitutional right to a jury trial is to note an appeal within ten days of the conviction in the district court. See Va. Code § 16.1-132. As Copto-Lavalle failed to comply with the clear language of this statute, he cannot be heard to claim that his constitutional rights have been abrogated.

### III. *Conclusion*

As Copto-Lavalle did not timely invoke his "statutory right to a new trial," this court is without jurisdiction to entertain his appeal. See *Ragan*, 255 Va. at 328. Accordingly, this appeal is dismissed for lack of jurisdiction.

At the hearing, counsel for Copto-Lavalle expressed a desire to create a complete record so that he could properly advise his client of his rights concerning a potential appeal to the Virginia Court of Appeals. As a result, the Court allowed counsel to present the merits of the Motion to Set Aside Judgment that had been argued in the District Court. Mr. Stafford contended that his client had a viable defense to the underlying charge because he was asleep in the passenger side of the front seat of his car at the time that the police officer confronted him. According to Mr. Stafford's argument, the defendant contended that someone else had driven the motor vehicle to that place. He conceded, however, that the keys to the automobile were then in the ignition and that Copto-Lavalle was the only occupant of the car when the police arrived. Pursuant to Va. Code § 16.1-133.1, any conviction of a non-felonious offense in a district court may be reopened within sixty days of the conviction "upon the application of such person *and for good cause shown*." (Emphasis supplied.) Copto-Lavalle was represented by an experienced defense attorney at the time that he entered his plea of guilty and was sentenced. Therefore, even if this court had jurisdiction to entertain the motion, it would find that Copto-Lavalle had failed to meet his burden to establish good cause to set aside his conviction and grant him a new trial.