COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, Clements and Senior Judge Willis
Argued at Alexandria, Virginia


CHARLES McARTHUR CORBIN

                                                          OPINION BY
v.        Record No. 2560-03-4                   JUDGE ROBERT P. FRANK
                                                          NOVEMBER 2, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
Burke F. McCahill, Judge

Franklin B. Reynolds, Jr., for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


        Charles McArthur Corbin, appellant, was convicted in a bench trial of driving under the

influence, second or subsequent offense, in violation of Code § 18.2-266.  On appeal, he contends

the trial court erred in (1) finding the evidence sufficient that appellant was the driver of the vehicle

and (2) denying appellant's motion to suspend the suspension of his operator's license pending

appeal.  For the reasons stated, we affirm in part and reverse in part.

### BACKGROUND[1]

        It is well settled that "[o]n appeal, we review the evidence in the light most favorable to

the party prevailing below, together with all reasonable inferences that may be drawn." Benton

v. Commonwealth, 40 Va. App. 136, 139, 578 S.E.2d 74, 75 (2003).

        So viewed, the evidence establishes that between 10:00 p.m. and 11:00 p.m. on November

27, 2002, John Allison came upon an overturned pickup truck while he was driving on Route 522.

---

        [1] In lieu of a transcript, we review the facts as set forth in a written statement pursuant to
Rule 5A:8.

Allison observed appellant exit from the driver's side, struggling with the steering wheel to get out. Nothing prevented appellant from exiting from the passenger's side. According to Allison, appellant looked "dazed and confused." While waiting for the police to arrive, Allison observed appellant vomit.

On cross-examination, Allison indicated appellant got out of the "downhill" side of the overturned vehicle. Allison admitted he might have the position of the truck incorrect in reference to the passenger and driver sides because the truck was upside down. Nevertheless, he stated appellant was "contending" with the steering wheel.

At the scene, appellant told Deputy Sheriff Mark Currence he did not know who was driving, but denied he was the driver.

Appellant testified that around 5:00 p.m. on November 27, he met a man named "James" at a convenience store. "James," whose last name was unknown to appellant, offered to drive because appellant had been drinking. "James" drove appellant to Rappahannock County. When the accident occurred, appellant was "half asleep." Appellant indicated he had not tried to find "James" and did not know what became of him. He admitted that initially he did not tell the deputy that "James" was the driver, but later indicated to the deputy that "James" was, in fact, the driver. Appellant also admitted he was drunk that evening. Appellant testified he had no memory of the accident, yet he was certain he was not the driver.

Chris Senter testified on behalf of appellant that around 8:00 p.m. on the same evening, he saw appellant at a fast food store. Appellant was the passenger, and another person was the driver.

In finding appellant guilty, the trial court discounted Mr. Senter's testimony and noted appellant was the only person seen exiting the vehicle. Allison saw appellant "contending" with the steering wheel, even though there was some confusion as to whether he exited the passenger's side

or the driver's side.  The trial court found Allison's testimony credible and indicated appellant's

testimony was conflicting.

The trial court found appellant guilty of driving under the influence, a second violation in

five (5) years.  In addition to a suspended jail sentence and a fine, the trial court suspended

appellant's operator's license for three (3) years.  Appellant surrendered his license to the clerk.

Appellant moved for the court to suspend execution of the suspension of his operator's

license pending appeal.  The trial court denied that motion.

## ANALYSIS

## SUFFICIENCY OF THE EVIDENCE

Appellant's sufficiency argument is limited to whether the evidence is sufficient to prove he

was the driver.[2]  He contends the Commonwealth's only credible evidence is that appellant was

seen crawling out of the vehicle.  He points to Allison's uncertainty as to whether appellant exited

the driver's side or the passenger's side of the vehicle.

As stated above, when considering the sufficiency of the evidence on appeal, we view the

evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d

534, 537 (1975).  "In so doing we must '"discard the evidence of the accused in conflict with that of

the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth

and all fair inferences that may be drawn therefrom."'"  Norman v. Commonwealth, 2 Va. App.

518, 520, 346 S.E.2d 44, 45 (1986) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d

755, 759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606

(1954))).  The trial court's judgment will not be set aside unless plainly wrong or without evidence

---

[2] Appellant does not contest whether appellant was "the operator" of the vehicle.  See Lyons v. Petersburg, 221 Va. 10, 266 S.E.2d 880 (1980).

- 3 -

to support it.  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (*en banc*).  Additionally:

> The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.

Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citations omitted).

While no eyewitness saw appellant actually driving the vehicle, this circumstance is not determinative of the outcome.  Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence.  Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt."  Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).  This Court must determine not whether there is some evidence to support Corbin's hypothesis of innocence but, rather, whether a reasonable fact finder, upon consideration of all the evidence, could have rejected appellant's theories and found him guilty beyond a reasonable doubt.  See Correll v. Commonwealth, 42 Va. App. 311, 327, 591 S.E.2d 712, 721 (2004).  Whether a hypothesis of innocence is reasonable is a question of fact.  Id.

On direct examination, Allison testified that he saw appellant climb out of the driver's side of the vehicle, struggling with the steering wheel to exit.  If appellant was seated on the passenger side, nothing prevented him from exiting from that side.  The fact finder could properly conclude appellant was not seated on the passenger side.  While on cross-examination,

however, Allison admitted he might have the position of the truck incorrect in reference to the passenger and driver sides. Nevertheless, Allison never wavered on his certainty that appellant was "contending with the steering wheel."

The trial court was not required to accept the totality of Allison's testimony. See generally Montague v. Commonwealth, 40 Va. App. 430, 436, 579 S.E.2d 667, 669 (2003) (noting that a fact finder need not decide between rejecting or accepting a witness' testimony in full, but may find it credible in part and incredible in part); see also Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986) (recognizing that jurors "have the right to reject that part of the evidence believed by them to be untrue and to accept that found by them to be true").

Further, appellant was the only one seen leaving the vehicle. No one else was seen in the area. As the trial court indicated, appellant's testimony was "conflicting." At the scene, appellant, while denying he was the driver, did not know the driver's identity. Yet later, he testified the driver was a man named "James." "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable, 27 Va. App. at 509-10, 500 S.E.2d at 235 (citations omitted).

Thus, we conclude a reasonable fact finder could have rejected appellant's hypothesis of innocence that James was the driver of the vehicle and could have found that the appellant was the driver.

<u>SUSPENSION OF OPERATOR'S LICENCE</u>

Appellant contends Code § 19.2-319,[3] which, in part, gives the trial court the discretion to postpone the execution of the judgment pending appeal, supports his position that the trial court must also suspend the suspension of his operator's license pending appeal. Appellant's argument incorrectly assumes a license revocation is part of the sentence.

Appeal of a criminal conviction does not affect the finality of the judgment; it only suspends execution of the sentence. Code § 19.2-319; <u>Hirschkop v. Commonwealth</u>, 209 Va. 678, 166 S.E.2d 322, <u>cert.</u> <u>denied</u>, 396 U.S. 845 (1969). The "'revocation of a privilege voluntarily granted'" is an act which "'is characteristically free of the punitive criminal element.'" <u>Hudson v. United States</u>, 522 U.S. 93, 104 (1997) (quoting <u>Helvering v. Mitchell</u>, 303 U.S. 391, 399 & n.2 (1938)); <u>see also</u> <u>Commonwealth v. Ellett</u>, 174 Va. 403, 414, 4 S.E.2d 762, 767 (1939) ("The operation of a motor vehicle . . . is a conditional privilege, which may be suspended or revoked under the police power. . . . [It] is not a contract or property right in a constitutional sense."). As such, drivers' license suspensions historically have not been considered punishment in Virginia. <u>Brame v. Commonwealth</u>, 252 Va. 122, 130, 476 S.E.2d 177, 181 (1996).

---

[3] Code § 19.2-319 provides in part:

> If a person sentenced by a circuit court to death or confinement in the state correction facility indicates an intention to apply for a writ of error, the circuit court shall postpone the execution of such sentence for such time as it may deem proper.

> In any other criminal case wherein judgment is given by any court to which a writ of error lies, and in any case of judgment for any civil or criminal contempt, from which an appeal may be taken or to which a writ of error lies, the court giving such judgment may postpone the execution thereof for such time and on such terms as it deems proper.

As the Supreme Court of Virginia said in <u>Butler v. Commonwealth</u>, 189 Va. 411, 424, 53 S.E.2d 152, 157 (1949):

> The universal holding is that such a revocation is not an added punishment, but is a finding that by reason of the commission of the act or the conviction of the licensee, the latter is no longer a fit person to hold and enjoy the privilege which the State had theretofore granted to him under its police power.  The authorities agree that the purpose of the revocation is to protect the public and not to punish the licensee.  See also, <u>Hannabass v. Ryan</u>, 164 Va. 519, 180 S.E. 416 [(1935)]; <u>Commonwealth v. Ellett</u>, 174 Va. 403, 4 S.E.2d 762 [(1939)]; <u>Anglin v. Joyner</u>, 181 Va. 660, 26 S.E.2d 58 [(1943)].

Because "the loss of the right to operate a vehicle is no part of the judgment of conviction," we conclude that Code § 19.2-319 does not afford appellant any relief.  <u>Ellett</u>, 174 Va. at 411, 4 S.E.2d at 765.

Appellant next argues Code § 46.2-398 mandated the trial court return his suspended operator's license upon his perfecting his appeal.

For a second DUI conviction under Code § 18.2-266, Code § 18.2-271 requires that "such conviction shall of itself operate to deprive the person so convicted of the privilege to drive or operate a motor vehicle . . . in the Commonwealth for a period of three years from the date of the judgment or conviction."  The Supreme Court of Virginia has interpreted this language as "self-executing."  <u>Ellett</u>, 174 Va. at 411, 4 S.E.2d at 765.

> The loss of the right to operate a vehicle is no part of the judgment of conviction, or the punishment fixed by the court or jury, and no action or order of the court or other officer is required to put it into effect.  It is not dependent upon evidence necessary to convict.  Evidence of conviction alone is essential.

<u>Id.</u> at 411-12, 4 S.E.2d at 765.[4]  It is the evidence of conviction and not the evidence required to

convict that causes the license to be suspended.  <u>Id.</u> at 415, 4 S.E.2d at 767.  No further action by

the court is necessary to effect the suspension.

At oral argument, appellant argued that while Code § 18.2-271 suspends the license,

Code § 46.2-398 addresses the disposition of the actual license upon suspension.  Code

§ 18.2-271 directs that "[t]he court trying such case shall order the surrender of the person's

driver's license, to be disposed of in accordance with § 46.2-398."  We agree with appellant that

the court must follow the procedure mandated in Code § 46.2-398 after ordering the suspension

of the license.

Code § 46.2-398 provides:

> In any case in which the accused is convicted of an offense, on the
> conviction of which the law requires or permits revocation or
> suspension of the driver's license of the person so convicted, the
> court shall order the surrender of such license, which shall remain
> in the custody of the court during the period of revocation or
> suspension if the period does not exceed thirty days, or (i) if the
> period exceeds thirty days, until the time allowed by law for appeal
> has elapsed, when it shall be forwarded to the Commissioner, or
> (ii) until an appeal is effected and proper bond posted, at which
> time it shall be returned to the accused.
>
> However, when the time of suspension or revocation coincides or
> approximately coincides with the appeal time, the court may retain
> the license and return it to the accused on the expiration of the
> suspension or revocation.

Code § 46.2-398 allows the court to retain physical custody of the license if the period of

suspension is less than thirty days.  However, for suspension periods of more than thirty days,

the court shall forward the license to the Commissioner after the time for appeal has lapsed, or if

---

[4] Since the provisions of Code § 18.2-271 are self-executing, the provisions of Code § 46.2-391 addressing the Commissioner's duty to revoke a license are not relevant to the resolution of these issues.

an appeal is effected and proper bond posted, the license shall be returned to the accused. Code § 46.2-398.

The trial court found, and the Attorney General argues, that Code § 46.2-398 only addresses the disposition of an operator's license when an appeal is noted from the general district court to the circuit court under Code § 16.1-132.[5] Appellant challenges this finding, arguing that there is no statutory support for such an interpretation. We agree with appellant.

We address whether Code § 46.2-398 applies to appeals from the circuit court as opposed to appeals from the general district court. Since the issue of appeals from the general district court is not before us, we do not address that issue.

While the time to note an appeal in circuit court is thirty days, see Rule 5A:6, the time to note an appeal in general district court is only ten days. Code § 16.1-132. The express language of Code § 46.2-398(i) requiring the court to hold the license for thirty days (on suspensions of more than thirty days) guarantees that the circuit court will be in possession of the license during the time period when the defendant may note his appeal. If the defendant appeals at any time during that thirty days, the court has the physical capability of returning the license to him pursuant to Code § 46.2-398(ii). This allows the circuit court to always be in a position to return the license to the defendant should he choose to appeal. Once the time for noting an appeal has expired (thirty days), the court forwards the license to the Commissioner pursuant to Code § 46.2-398(i).

---

[5] Code § 16.1-132 provides:

> Any person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from such conviction, and whether or not such conviction was upon a plea of guilty, to appeal to the circuit court. There shall also be an appeal of right from any order or judgment of a district court forfeiting any recognizance or revoking any suspension of sentence.

Further, Code § 46.2-398 requires that a "proper bond" be posted before the license be returned upon appeal. This Court has held that there is no bonding condition upon a defendant's exercise of his right to a trial *de novo.* Hill v. Middlesex County, 12 Va. App. 58, 60, 402 S.E.2d 243, 244 (1991). Although Code § 16.1-135[6] authorizes the requirement of bail and describes the manner of taking and handling bail bonds, it does not impose any other conditions of bond upon the defendant when perfecting an appeal to the circuit court. Id. Thus, the language of Code § 46.2-398(ii) requiring a "proper bond" would be meaningless if this statute did not apply to appeals from the circuit court.

Finally, because the appeal of a conviction from the general district court to circuit court results in a trial *de novo*, perfecting the appeal in the district court renders the judgment a nullity. Code § 16.1-136; Preston v. Commonwealth, 14 Va. App. 731, 733, 419 S.E.2d 288, 290 (1992) ("[T]he judgment appealed from is completely annulled, and is not thereafter available for any purpose." (citations omitted)). It follows that if the judgment in the district court is void, there is no conviction and therefore no suspension of the license. The license is returned to the accused simply because the court has no authority to retain physical custody of it. Again, the language of

---

[6] Code § 16.1-135 provides in relevant part:

> A person who has been convicted of an offense in a district court and who has noted an appeal, either at the time judgment is rendered or subsequent to its entry, shall be given credit for any bond that he may have posted in the court from which he appeals and shall be treated in accordance with the provisions of Article 1 (§ 19.2-119 et seq.) of Chapter 9 of Title 19.2. Any new bond which may be required for the release of such person pending the appeal shall be given before the judge or the clerk of the district court and treated in accordance with Article 1 of Chapter 9 of Title 19.2; however, if the judge or clerk is not available to take the bond, the bond may be given before a magistrate of the jurisdiction.

Code § 46.2-398(ii) requiring the return of the license upon effecting an appeal would be unnecessary if this statute did not apply to appeals from the circuit court.

"We must assume that the legislature did not intend to do a vain and useless thing." Williams v. Commonwealth, 190 Va. 280, 293, 56 S.E.2d 537, 543 (1949).

> "It is a well established rule of construction that a statute ought to be interpreted in such a manner that it may have effect, and not found to be vain and elusive. Every interpretation that leads to an absurdity ought to be rejected. It is our duty to give effect to the wording of the statute, and allow the legislative intention to be followed."

Barnett v. D.L. Bromwell, Inc., 6 Va. App. 30, 34, 366 S.E.2d 271, 273 (1988) (*en banc*) (quoting McFadden v. McNorton, 193 Va. 455, 461, 69 S.E.2d 445, 449 (1952)).

The language of Code § 46.2-398 convinces us that it applies to appeals from the circuit court. We therefore agree with appellant that Code § 46.2-398 requires the circuit court to return the operator's license to an accused when an appeal is noted and proper bond is posted.

The Commonwealth argues that appellant's interpretation ignores the provisions of Code § 46.2-413 which provide:

> Reversal on appeal of any conviction because of which conviction any license or registration has been suspended or revoked *pursuant to the provisions of this chapter* shall entitle the holder to the restoration of his license or registration forthwith without proof of financial responsibility.

(Emphasis added). Appellant responds that this provision applies only to Code §§ 46.2-300 through 46.2-506. We agree.

Code § 46.2-413 specifically refers to suspensions "pursuant to the provisions of this chapter" which is limited to Chapter 3 of Title 46.2. Appellant was convicted of driving under the influence, second or subsequent offense, in violation of Code § 18.2-266. His license was suspended pursuant to Code § 18.2-271. Both statutes are found in Chapter 7 of Title 18.2.

- 11 -

Appellant's license was therefore not suspended pursuant to Chapter 3 of Title 46.2. An analysis of Code § 46.2-413 is of no relevance to the resolution of this issue.

## CONCLUSION

The trial court did not err in finding the testimony of Allison credible and finding appellant guilty of driving under the influence. However, the trial court erred in not considering Code § 46.2-398 as it applies to this case. Accordingly, we remand this issue to the trial court with instructions to take appropriate action consistent with this opinion.[7]

Affirmed in part,
reversed and remanded in part.

---

[7] We remand because this appeal is not concluded until the time in which to appeal to the Supreme Court of Virginia has expired and no further appeals are taken.