COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Felton
Argued at Chesapeake, Virginia


TYRONE PHILMORE HARSLEY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0783-05-1                      JUDGE ROBERT P. FRANK
                                                         MARCH 7, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Dean W. Sword, Jr., Judge

            Von L. Piersall, III, for appellant.

            Denise C. Anderson, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Tyrone P. Harsley, appellant, was convicted, in a bench trial, of possession of cocaine with

the intent to distribute, in violation of Code § 18.2-248.  On appeal, he contends the evidence was

insufficient to convict him of the drugs found in the glove compartment.  For the reasons stated, we

affirm his conviction.

                                    BACKGROUND

        Portsmouth police officers stopped a vehicle driven by appellant and asked him for

identification.  The only other passenger in the vehicle was a young child "under ten."  Appellant

produced a picture identification belonging to his brother, Fenton Harsley.

        After further questioning by the officer, appellant stated that he was in fact Tyrone Harsley.

There was an outstanding warrant for appellant, and he was taken into custody.  A search incident to

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

arrest revealed a small baggie of crack cocaine in appellant's front watch pocket, weighing 2.252 grams.

In the glove box of the vehicle, the officers recovered 26.395 grams of crack cocaine having a street value of $2,850. The police also recovered a cell phone from appellant's person, $500 cash, consisting of ten (10) fifty dollar bills, from appellant's right front shirt pocket, and $73 from his pants pocket. No apparatus to ingest cocaine was discovered.

Detective Holley of the Portsmouth Police Department, who qualified as an expert in the sale, packaging, and distribution of narcotics in the City of Portsmouth, testified that the evidence was inconsistent with personal use of the cocaine.

Lawrence Clark, an employee of Harsley and Harsley Enterprises, owned by appellant and his brother, testified on behalf of appellant that the vehicle in which the drugs were found was a company vehicle. On the day of the offense, a co-employee by the name of Tony drove that vehicle to pick up other employees for work. He saw Tony place a plastic bag in the glove compartment "with some white stuff in it." He also saw the owner of a store give appellant money to purchase building materials.

## ANALYSIS

While appellant does not contest his possession of the crack cocaine found on his person, he contends the evidence was not sufficient to convict him of possession of the crack found in the glove compartment.[1]

Possession of a controlled substance may be actual or constructive. Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend

[1] Appellant does not challenge that if he possessed those drugs, it was with the intent to distribute.

> to show that the [appellant] was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). Thus, in resolving this issue, we must consider "the totality of the circumstances disclosed by the evidence." Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Appellant correctly states that mere proximity to the drugs is not, in itself, sufficient to convict. However, such a circumstance is probative in determining whether an accused possessed the drugs. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982). Also, "occupancy of the vehicle in which the drugs are found is likewise a circumstance probative of possession." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

Significantly, appellant possessed a small amount of crack cocaine on his person. From this, the fact finder could properly infer that appellant was aware of the presence and character of the drugs found in the glove compartment. See Wymer v. Commonwealth, 12 Va. App. 294, 301, 403 S.E.2d 702, 707 (1991) ("The bent straw with cocaine residue found in her purse along with the paraphernalia used to consume marijuana are sufficiently related to the items found in or on appellant's dresser and are additional facts which permitted the fact finder to infer that appellant knew of the presence of cocaine.").

We cannot ignore that the cocaine found in the glove compartment was valued at $2,850. In Collins v. Commonwealth, 13 Va. App. 177, 180, 409 S.E.2d 175, 176 (1991) (quoting the trial court), we acknowledged that such amounts are "'something of significant value and not something that one is likely to have abandoned or carelessly left in the area there.'" It is unlikely that someone other than appellant left $2,850 worth of cocaine in the vehicle.

While appellant's witness testified he saw another person put a plastic bag "with some white stuff in it" in the glove compartment, the fact finder clearly rejected that testimony. "Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder." Foster v. Commonwealth, 38 Va. App. 549, 554, 567 S.E.2d 547, 549 (2002).

Appellant contends that other employees of the company had access to the vehicle and could have placed the drugs in the glove compartment.

> Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). This Court must determine not whether there is some evidence to support [appellant's] hypothesis of innocence but, rather, whether a reasonable fact finder, upon consideration of all the evidence, could have rejected appellant's theories and found him guilty beyond a reasonable doubt. See Correll v. Commonwealth, 42 Va. App. 311, 327, 591 S.E.2d 712, 721 (2004). Whether a hypothesis of innocence is reasonable is a question of fact. Id.

Corbin v. Commonwealth, 44 Va. App. 196, 202-03, 604 S.E.2d 111, 114 (2004). We find that the fact finder properly rejected appellant's hypothesis of innocence.

Appellant cites Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995), to support his position. His reliance is misplaced because the facts in Hancock are significantly different. In Hancock, this Court reversed the conviction, finding that the trial judge misunderstood the requisite mental state when he ruled that the defendant did not *actually* know, but "should have known," that a weapon was under his feet. Id. at 469, 465 S.E.2d at 140. This Court further concluded that, other than proximity, nothing linked the appellant to the gun. Id. at

472, 465 S.E.2d at 141.  The facts in the instant case, as discussed above, prove much more than close proximity.

Finding the evidence sufficient to convict appellant of possession with intent to distribute crack cocaine, we affirm his conviction.

Affirmed.