COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Felton
Argued at Chesapeake, Virginia


KEITH McKINLEY WHITE

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0695-05-1                          JUDGE ROBERT P. FRANK
                                                            MARCH 21, 2006
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
                                 Glen A. Tyler, Judge

                 Paul D. Merullo (Stephen C. Swain; Shuttleworth, Ruloff,
                 Giordano & Swain, P.C., on brief), for appellant.

                 Stephen R. McCullough, Assistant Attorney General (Judith
                 Williams Jagdmann, Attorney General, on brief), for appellee.


        Keith M. White, appellant, was convicted, in a bench trial, of possession of cocaine with the

intent to distribute, in violation of Code § 18.2-248, and possession of a firearm while in possession

of a controlled substance, in violation of Code § 18.2-308.4.  On appeal, he contends the trial court

erred in:  1) denying his motion to suppress by finding the search warrant was based upon probable

cause; and 2) in finding the evidence sufficient to convict him of possession of cocaine with the

intent to distribute.  For the reasons stated, we affirm the convictions.

                                      BACKGROUND

        Rick Williams, Deputy of Accomack Sheriff's Department, testified that on July 26, 2003,

he swore out an affidavit for a search warrant for appellant's residence.  The affidavit provided that:

                 A reliable confidential informant has advised this affiant that
                 cocaine is routinely stored, and sold from the residence as
                 described in Section 2 of this affidavit.  The reliable confidential

──────────────────────────────

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

informant, either by conversations with KEITH WHITE, or has observed cocaine with KEITH WHITE, has informed this affiant that there is presently a quantity of cocaine at the residence described in section 2 of this affidavit at this time. KEITH WHITE is a resident of this residence as described in section 2 of this affidavit. This affiant is aware that relatively large amounts of cocaine are easily concealed on the person. The affiant is aware that it is common for drug dealers to hide illegal drugs in vehicles and outbuildings that are elsewhere on the property to distance themselves from the illegal drugs.

Deputy Williams stated in the affidavit that the informant previously had provided reliable information that had led to the recovery of drugs. Additionally, the informant is a past user of cocaine and is familiar with the appearance of cocaine, and its price and packaging for sale. The magistrate issued the warrant. Williams testified that he selected the language "either by conversations with KEITH WHITE, or has observed cocaine with KEITH WHITE" in order to "protect my informant."

On July 27, 2003, Warren Carpenter, Chief of Police, knocked on the door of an enclosed porch located on the side of appellant's residence. Appellant responded to the door and exited the residence. Carpenter then entered the residence through the porch. The enclosed porch doubled as a utility room that contained a hot water heater. Upon entering, Carpenter observed a cabinet bolted to the wall just below where the roof angled downward, leaving a small gap at the top of the cabinet. Carpenter described the gap as "a real tight space," only three to four inches in height. From within that gap, police recovered an Altoid tin that contained a substance later determined to be 12.6 grams of crack cocaine.

After police recovered the Altoid tin, another officer stood on a chair, took a broom and "pushed something from the back at the other end of this opening." A prescription pill bottle fell from the same place where police had discovered the Altoid tin. The bottle, labeled in appellant's name, indicated that the prescription was for Fluoxetine and had been filled in January 2003.

During the search, appellant asked one of the officers if they had found his gun. Appellant stated, "It's under my night stand." The police recovered a nine-millimeter Luger from that location, along with three nine-millimeter bullets. Police also recovered sixteen nine-millimeter bullets from the porch.[1]

Deputy Williams testified as an expert in the field of narcotics. In his opinion, the street value of cocaine found in the tin was $1,260. Williams opined that the possession of such a quantity of cocaine was inconsistent with personal use. He based his opinion on the fact that the cocaine was cut up into $20 pieces, indicating it was "premeasured [sic] for sale." Additionally, he testified that in this locality, drugs were distributed with very little packaging. Scales and plastic bags were rarely used. "It's mostly crack cocaine from the dealer to the person[']s buying hands." Williams found no scales, cell phones or pagers.

In finding appellant guilty of possession of cocaine with the intent to distribute, the court concluded that the cocaine and pill bottle "were put there because it was intended for them to be hidden and certainly we can't speculate that some stranger came in there coming and going and stuck something of that nature up in there." The court further found Deputy Williams's testimony credible regarding his opinion that the cocaine was not for personal use.

This appeal follows.

ANALYSIS

Search Warrant Affidavit

Appellant contends the search warrant was fatally defective because the affidavit set forth an alternate explanation for the informant's basis of knowledge. He maintains that such an alternate statement, by definition, indicates the informer had no basis of knowledge, i.e., the informer did not know the source of his information. Yet, appellant does not contest the

---

[1] The record does not disclose the exact location of the bullets on the porch.

accuracy of either statement. Thus, he argues, the affidavit did not establish probable cause for the issuance of the search warrant.

The Commonwealth responds that the magistrate had a substantial basis for his probable cause finding. Alternatively, the Commonwealth argues that the good faith exception applies.

The Fourth Amendment provides that a search warrant shall issue only upon a showing of probable cause supported by oath or affirmation. See Gwinn v. Commonwealth, 16 Va. App. 972, 974, 434 S.E.2d 901, 903 (1993). We have defined probable cause as follows:

> Probable cause, as the very name implies, deals with probabilities. These are not technical; they are the factual and practical considerations in every day life on which reasonable and prudent men, not legal technicians, act. Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonable trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense had been or is being committed.

Saunders v. Commonwealth, 218 Va. 294, 300, 237 S.E.2d 150, 155 (1977). Whether probable cause exists to support the issuance of a warrant is to be determined from the "totality of the circumstances" that are presented to the magistrate. Illinois v. Gates, 462 U.S. 213, 238 (1983).

For the purpose of this opinion, we assume, without deciding, that the affidavit failed to state the informant's basis of knowledge. However, our inquiry does not end there. Generally, "[w]here law enforcement officers illegally search private premises or seize property without probable cause . . . the illegally seized evidence will be excluded . . . ." Colaw v. Commonwealth, 32 Va. App. 806, 810, 531 S.E.2d 31, 33 (2000). The exclusionary rule, created with the intent of deterring police misconduct, "operates as 'a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than [to protect] a personal constitutional right of the party aggrieved.'" United States v. Leon, 468 U.S. 897, 906 (1984) (quoting United States v. Calandra, 414 U.S. 338, 348 (1974)).

However, because "[t]he deterrent effect of the exclusionary rule 'is absent where an officer, acting in objective good faith, obtains a search warrant from a magistrate and acts within the scope of the warrant,'" Janis v. Commonwealth, 22 Va. App. 646, 653, 472 S.E.2d 649, 653 (quoting Derr v. Commonwealth, 242 Va. 413, 422, 410 S.E.2d 662, 667 (1991)), aff'd on reh'g en banc, 24 Va. App. 207, 479 S.E.2d 534 (1996), evidence seized pursuant to an invalid search warrant "is nevertheless admissible if the officer executing the warrant reasonably believed that the warrant was valid." Lanier v. Commonwealth, 10 Va. App. 541, 547, 394 S.E.2d 495, 499 (1990).

Under the "good faith" exception, then,

> [w]here a police officer has an objectively reasonable belief that the issuing magistrate had probable cause to issue the search warrant, the officer may rely upon the magistrate's probable cause determination and the evidence will not be excluded, even though the affidavit may not have provided the magistrate . . . with probable cause to issue the warrant.

Colaw, 32 Va. App. at 810-11, 531 S.E.2d at 33. In this case, while we have assumed that the underlying affidavit did not provide the magistrate with probable cause to issue the warrant, there is no evidence that the police officers executing the warrant acted other than in good faith and with a reasonable belief that the warrant was valid. See United States v. Merritt, 361 F.3d 1005, 1013 (7th Cir. 2004) (observing that the officer's "decision to obtain a warrant is prima facie evidence of good faith"), rev'd on other grounds, 543 U.S. 1099 (2005).

There are, however, four recognized situations in which the good faith exception will not be applied, specifically:

> (1) where the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable or (4) where the warrant was so facially deficient that

> an executing officer could not reasonably have assumed it was valid.

Atkins v. Commonwealth, 9 Va. App. 462, 464, 389 S.E.2d 179, 180 (1990). Nothing in the record suggests the presence of any misleading information, that the magistrate totally abandoned his judicial role, or that the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid.

Appellant's entire argument on appeal challenges only the sufficiency of the affidavit as to probable cause. Our inquiry, then, focuses on the third prong, namely whether the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable. "[A]s long as there is *some* indicia of probable cause in the underlying affidavit, we will apply the good faith exception as long as a reasonable police officer, after assessing the facts set forth in the affidavit, could have believed that the warrant was valid." Anzualda v. Commonwealth, 44 Va. App. 764, 781, 607 S.E.2d 749, 757 (2005) (*en banc*) (emphasis in original). In the ordinary case where a warrant is issued by a detached and neutral magistrate, a police officer "cannot be expected to question" that magistrate's determination of probable cause. Illinois v. Krull, 480 U.S. 340, 349 (1987).

Here, we find the affidavit does contain some indicia of probable cause. It is not a "bare bones" affidavit that merely contains conclusory allegations with no facts to support the conclusion. See Colaw, 32 Va. App. at 813, 531 S.E.2d at 34 ("A police officer could not reasonably have believed that the warrant was properly issued when it was based on a 'bare bones' affidavit that contained only conclusory assertions by a third-party informant about a future event without supporting facts to constitute probable cause."); see also United States v. Weaver, 99 F.3d 1372, 1378 (6th Cir. 1996) ("An affidavit that states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge, is a 'bare bones' affidavit.").

The affidavit amply describes the residence to be searched, the owner of the residence, his nickname, the credibility of the informant, including his past dealings with the police, the source of the informant's knowledge, and the items for which they were searching.

The affidavit indicates the informant either saw the drugs or was told by the suspect that there were presently drugs on the premises. The officer explained that he presented an alternative basis for knowledge to protect the identity of the informant. It should be noted that appellant does not challenge the accuracy of either factual scenario, but only that the alternative recitation is defective.[2]

Finding the good faith exception applies, we conclude the trial court did not err in admitting the evidence seized pursuant to the search warrant.

Constructive Possession

Appellant next argues that the evidence was insufficient to prove he possessed cocaine with the intent to distribute, challenging both his possession of the drugs and that any such possession was with the intent to distribute.

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). "Witness credibility, the weight accorded the testimony and the

---

[2] Here, each factual scenario regarding the source of the informant's knowledge was sufficient to support a finding of probable cause.

inferences to be drawn from proven facts are matters to be determined by the fact finder." Foster v. Commonwealth, 38 Va. App. 549, 554, 567 S.E.2d 547, 549 (2002).

Possession of a controlled substance may be actual or constructive. Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983). Constructive possession of illegal drugs may be proven by "'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)).

Appellant contends that no evidence connects him to the drugs found in the Altoid tin above the cabinet. We disagree. When the police arrived at appellant's home on July 17, 2003, he exited the residence through the side door to the porch. It was on this porch that police found the tin containing cocaine. "Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband. Ownership or occupancy of the premises on which the contraband was found is likewise a circumstance probative of possession." Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) (citation omitted).

In the same gap as they found the cocaine, police recovered a prescription bottle belonging to appellant. This circumstance tends to show that appellant was aware of the presence and character of the cocaine and that it was subject to his dominion and control. See Hargraves v. Commonwealth, 37 Va. App. 299, 314, 557 S.E.2d 737, 744 (2002) (finding inference that appellant exercised dominion and control over drugs where they were found in a drawer with his identification card); Archer, 26 Va. App. at 13-14, 492 S.E.2d at 832 (finding inference that

appellant exercised dominion and control over gun where knife and gun were found under the same mattress and appellant admitted to ownership of knife).

Appellant contends that others had access to this porch and could have placed the drugs there.

> Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). This Court must determine not whether there is some evidence to support [appellant's] hypothesis of innocence but, rather, whether a reasonable fact finder, upon consideration of all the evidence, could have rejected appellant's theories and found him guilty beyond a reasonable doubt. See Correll v. Commonwealth, 42 Va. App. 311, 327, 591 S.E.2d 712, 721 (2004)[, aff'd, 269 Va. 3, 607 S.E.2d 119 (2005)]. Whether a hypothesis of innocence is reasonable is a question of fact. Id.

Corbin v. Commonwealth, 44 Va. App. 196, 202-03, 604 S.E.2d 111, 114 (2004).

Appellant argues that the trial court improperly shifted the burden to him to produce evidence that another person had hidden the drugs on the porch. However, a close reading of the trial court's ruling reveals only that the trial court rejected appellant's hypothesis of innocence based on the evidence presented at trial. The trial court found that it could not "from this evidence conclude or even speculate that some stranger put that up there," and further noted that there was no evidence that another occupant living in the house had placed the drugs there. "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant. 'Hypotheses not flowing from the evidence must be rejected.'" Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (quoting Fordham v. Commonwealth, 13 Va. App. 235, 239, 409 S.E.2d 829, 831 (1991)) (other citations omitted).

We find that the fact finder properly rejected appellant's hypothesis of innocence. Considering the street value of the drugs, it was unlikely someone had discarded or planted the drugs. See Collins v. Commonwealth, 13 Va. App. 177, 180, 409 S.E.2d 175, 176 (1991) (observing that cocaine is "something of significant value and not something that one is likely to have abandoned or carelessly left in the area there"); see also Hamilton, 16 Va. App. at 755, 433 S.E.2d at 29 (finding that the Commonwealth met its burden without dispelling defendant's unsupported contention that someone else "surreptitiously discarded the pipe and cocaine in the car"). In addition, a prescription bottle in appellant's name and ammunition fitting appellant's gun was found on the same porch. Police executing the search warrant observed appellant on the porch just before they entered the residence.

Thus, it was reasonable for the court to infer that appellant knew of the hiding place and used it to conceal his cocaine. The trial court did not err in finding appellant constructively possessed the cocaine found in the Altoid tin.

### Possession With the Intent to Distribute

Appellant further argues that the evidence was insufficient to show he possessed the cocaine with the intent to distribute. He reasons that because no "tools of the trade" were recovered from his residence, there was no evidence of any intent to distribute. We disagree.

"Where an offense consists of an act combined with a particular intent, proof of the intent is essential to the conviction." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence." Id. "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

Among the circumstances that tend to prove an intent to distribute are "the quantity of the drugs seized, the manner in which they are packaged, and the presence of . . . equipment related to drug distribution." McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001) (citations omitted). Firearms are among the equipment that has been recognized as tools of the drug trade, the possession of which are probative of intent to distribute. Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

Furthermore, "the absence of any paraphernalia suggestive of personal use . . . [is] regularly recognized as [a] factor[] indicating an intent to distribute." Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (*en banc*). "'Possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it.'" Gregory v. Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122 (1996) (finding sufficient evidence of intent to distribute based on possession of seven baggies containing a total of 3.7 grams of cocaine) (quoting Iglesias v. Commonwealth, 7 Va. App. 93, 110, 372 S.E.2d 170, 180 (1988) (*en banc*)); see also Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (holding that proof that the quantity of drugs possessed exceeds an amount normally possessed for personal use, without more, can be sufficient to show an intent to distribute).

Williams opined that possession of such a quantity of cocaine was inconsistent with personal use. He also testified that in this jurisdiction, scales and baggies were rarely used in the distribution process. In addition to Williams's expert opinion, the record contains evidence to support the finding that appellant possessed the cocaine with the intent to distribute it. The police found more that twelve grams of cocaine that had been cut into pieces for easy sale. In addition, appellant admitted that he possessed a firearm, a tool of the drug trade, in his bedroom.

- 11 -

Finally, the police found no devices that would indicate the drugs were for personal consumption.

The Commonwealth's evidence, which was based on more than Williams's opinion, was competent, not inherently incredible, and sufficient to prove beyond a reasonable doubt that appellant possessed the cocaine with the intent to distribute it. We cannot say that the trial court was plainly wrong in finding this evidence sufficient to convict appellant of possession with intent to distribute cocaine.

We affirm the judgment of the trial court.

<u>Affirmed.</u>